# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHAUNCEY KIMBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-cv-02199 |
| v. ) | |
| ) | Judge Sharp |
| BC RECYCLING CO., INC. and ) | |
| WILLIAM E. CHADWICK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Pending before the Court is Plaintiff Chauncey Kimble's unopposed Motion for Default Judgment and Hearing on Damages. (Docket No. 18). The Court held a hearing on damages on December 14, 2015 and, for the reasons set forth below, will enter default judgment against Defendants.

Plaintiff filed a Complaint seeking unpaid overtime wages, liquidated damages, statutory damages, and attorneys' fees and costs for his claims under the Fair Labor Standards Act. (Docket No. 1). More specifically, Plaintiff seeks $6,240.00 in unpaid overtime wages, $6,240.00 in liquidated damages, and $5,000.00 in lost wages. (Docket No. 25). The Court entered default against Defendant BC Recycling Co., Inc. on February 25, 2015 (Docket No. 12) and against Defendant William E. Chadwick on May 15, 2015 (Docket No. 16). Plaintiff now seeks a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In support of the motion, Plaintiff argues that Defendants have neither participated in the litigation nor responded to Plaintiff's communications since December 29, 2014. The Court agrees with Plaintiff. Defendants have failed to plead or defend against Plaintiff's suit since acknowledging

service and requesting an initial settlement offer in late 2014.  In light of this failure, the Court has entered Plaintiff's default.  (See Docket Nos. 12 & 16).

Rule 55(b)(1) allows a party to seek a default judgment after an entry of default, as long as "the plaintiff's claim is for a sum certain" and the defendant "is neither a minor nor an incompetent person." FED. R. CIV. P. 55(b)(1).  Defendants are neither minors nor incompetent. Regarding the "sum certain" to which Plaintiff is entitled, Plaintiff presented evidence at the damages hearing on December 14, 2015.  At the hearing, Plaintiff testified to the amount of overtime he worked at each different pay rate, thereby providing evidence of the amount of unpaid overtime wages and liquidated damages due to him.  He also testified to his difficulties obtaining stable gainful employment since his termination from BC Recycling Co., Inc., thereby providing evidence of his lost wages.  The Court also finds that Plaintiff should receive costs and reasonable attorneys' fees.

Accordingly, the Court hereby rules as follows:

(1) Plaintiff's Motion for Default Judgment (Docket No. 18) is GRANTED;

(2) A JUDGMENT shall be entered in FAVOR OF Plaintiff Chauncey Kimble and AGAINST Defendants BC Recycling Co., Inc. and William E. Chadwick for a total amount of $17,480.00, comprised of:

    a. $6,240.00 in unpaid overtime wages;

    b. $6,240.00 in liquidated damages pursuant to 29 U.S.C. § 216(b); and

    c. $5,000.00 in lost wages;

(3) Plaintiff's counsel is ordered to SUBMIT a petition for fees and costs; and

(4) This case is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall prepare and enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE