UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHAUNCEY KIMBLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 3:14-cv-02199 |
| v. | ) |
| | ) Judge Sharp |
| BC RECYCLING CO., INC. and | ) |
| WILLIAM E. CHADWICK, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**MEMORANDUM & ORDER**

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees (Docket No. 35). For the reasons set forth below, the Motion will be granted.

Plaintiff Chauncey Kimble sued his former employer, Defendant BC Recycling Co, Inc., owned by William E. Chadwick, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Court entered a default judgment against both Defendants (Docket Nos. 12, 16) and subsequently entered judgment in Plaintiff's favor in the amount of $17,480.00. (Docket No. 28). Plaintiff now seeks to recover attorney's fees and costs pursuant to 29 U.S.C. § 216(b). (Docket No. 35). Defendants have not responded to Plaintiff's request for fees.

The FLSA provides that in an action where the court awards unpaid wages and liquidated damages to an employee, the court shall, "in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." 29 U.S.C. § 216(b). The Court has already entered judgment in Plaintiff's favor and awarded him appropriate wages and damages. Where that is the case, "an award of attorney's fees under

1

§ 216(b) is mandatory." Smith v. Serv. Master Corp., 592 F. App'x 363, 367 (6th Cir. 2014) (citing United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 501 (6th Cir. 1984) and Montgomery Ward & Co. v. Antis, 158 F.2d 948 (6th Cir. 1947)). The task now before the Court, then, is to evaluate the reasonableness of the fees sought.

"A reasonable fee is one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Dowling v. Litton Loan Serv., LP, 320 Fed. App'x. 442, 446 (6th Cir. 2009) (quoting Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004)). A determination of reasonableness begins with the "lodestar" method of calculation: determining a reasonable fee based on a reasonable hourly rate and reasonable number of hours of service. The United States Supreme Court described the lodestar method in Hensley v. Eckerhart, 461 U.S. at 424, 433 (1983), as follows:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

A list of the factors to consider in establishing the lodestar fee and adjusting the fee was enunciated by the Fifth Circuit Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson factors have now become part of the settled law of lodestar analysis under both the United States Supreme Court and Sixth Circuit decisions. These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

2

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Smith, 592 Fed. App'x. at 369-70.

The Court has considered the aforementioned factors and concludes that the amount requested by Plaintiff in this case is reasonable. Plaintiff used the lodestar method to calculate the total amount that his attorneys are owed: $4,434.51. (Docket No. 36 at 2-3). More specifically, Plaintiff calculated this amount by multiplying the number of hours worked on this case by two attorneys, partner Michael L. Russell (2.5 hours) and associate Emily E. Emmons (14 hours), by their respective hourly rates ($350 for Russell and $225 for Emmons) for a total of $4,025 in attorney's fees. Plaintiff then added this sum to the amount spent on civil filing fee and postage, $409.51. In support of these calculations, Plaintiff submitted ample evidence: declarations by the two attorneys who worked on his case; billing records; expense statements; and the 2010 National Law Journal Billing Survey. (Docket Nos. 36-1, 36-2, and 36-3).

The evidence submitted shows that the hourly rates for the two attorneys are reasonable as compared to other attorneys' hourly rates. Indeed, based on the survey Plaintiff submitted, the hourly rates sought here would likely have been acceptable back in 2010, which makes them all the more reasonable by 2016 standards. Neither do Plaintiff's attorneys contend they worked an inordinate number of hours. To the contrary, they successfully obtained full recovery for their client in only 16.5 hours of work. Finally, the costs for which Plaintiff's counsel seek recompense are minimal: the required civil filing fee in the Middle District of Tennessee and under $10 in postage costs.

Taken together—and keeping in mind Defendants' failure to respond to the request for fees and costs—this evidence entitles Plaintiff to the sought-after award. Accordingly, Plaintiff's

Motion for Award of Attorney's Fees (Docket No. 35) is hereby GRANTED. Plaintiff shall be awarded a total of $4,434.51 for this matter, comprised of $4,025.00 in fees and $409.51 in costs.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE